14-3511-ag
NLRB v. Onyx Management Group LLC

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand fifteen.

PRESENT: JON O. NEWMAN,
        JOHN M. WALKER, JR.,
        DENNIS JACOBS,
                <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - -X

**NATIONAL LABOR RELATIONS BOARD,**
    <u>Petitioner</u>,

    **-v.-**                         **14-3511-ag**

**ONYX MANAGEMENT GROUP LLC,**
    <u>Respondent</u>.
- - - - - - - - - - - - - - - - - - - - - -X

**FOR PETITIONER:**        MARNI VON WILPERT (Kira Dellinger Vol, Richard F. Griffin, Jr., Jennifer Abruzzo, John H. Ferguson, and Linda Dreeben, <u>on the brief</u>), National Labor Relations Board, Washington, D.C.

**FOR RESPONDENT:**                    GAIL L. GOTTEHRER (Aaron
                                       Feigenbaum, on the brief),
                                       Axinn, Veltrop & Harkrider LLP,
                                       New York, New York.

Petition to enforce an order of the National Labor Relations Board.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition of the National Labor Relations Board be **GRANTED.**

The National Labor Relations Board (the "Board") petitions, pursuant to 29 U.S.C. § 160(e), to enforce an order against Onyx Management Group LLC ("Onyx") for refusing to bargain with nine employees certified as a bargaining unit of the International Union of Operating Engineers, Local 30, AFL-CIO, in violation of the National Labor Relations Act (the "Act"), 29 U.S.C. § 158(a)(1), (5). Onyx concedes refusal to bargain, but contends that the unit was improperly certified. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The bargaining unit certified by the Board includes nine employees: five "inside maintenance workers" and four "outside groundsmen," including lead outside groundsman Mark Weymouth. Onyx challenges the Board's findings that: (1) Weymouth does not function as a supervisor and (2) the inside maintenance workers and outside groundsmen share a community of interest. The Board's factual finding as to supervisory status is conclusive if supported by substantial evidence, NLRB v. Quinnipiac Coll., 256 F.3d 68, 73 (2d Cir. 2001); and its determination as to community of interest "will stand unless arbitrary and unreasonable," Staten Island Univ. Hosp. v. NLRB, 24 F.3d 450, 455 (2d Cir. 1994).

1. <u>Supervisory Status</u>. Supervisors do not have a right to participate in collective bargaining. 29 U.S.C. § 164(a); Quinnipiac Coll., 256 F.3d at 73. The Act defines a "supervisor" as an individual that exercises any one of twelve statutorily enumerated powers while using "independent judgment" and acting "in the interest of the employer." 29 U.S.C. § 152(11); Schnurmacher Nursing Home v. NLRB, 214 F.3d 260, 264 (2d Cir. 2000).

2

One of the enumerated powers is the power to "assign . . . other employees." 29 U.S.C. § 152(11). Onyx argues that Weymouth had the power to assign tasks to other outside groundsmen and used independent judgment in exercising this power.

The Board's conclusion to the contrary is supported by substantial evidence. It is undisputed that Weymouth meets with Mark Cimilluca (Onyx's Property Manager) every morning to discuss tasks that need to be performed and then relays Cimilluca's wishes to the other outside groundsmen. Joint App'x 94-98, 168-69. Apart from serving in this liaison capacity, Weymouth performs the same work as the other groundsmen (mowing, landscaping, and so forth) and does so pursuant to directives from Cimilluca. Id. 106-07. Onyx seizes on various references in the record that the groundsmen "report to" Weymouth and that he "delegate[s]" to them. Id. 54-55, 168-69.[1] But those references could reasonably be read as referring to Weymouth's role in *communicating* management directives from Cimilluca. And to the extent that the other groundsmen defer to Weymouth as to task prioritization, deference to a more experienced colleague is not acquiescence to a superior.

On this record, we are satisfied that the Board's conclusion that Weymouth is not a supervisor is supported by substantial evidence.[2]

2. Community of Interest. The Board is empowered to determine "whether . . . the unit appropriate for the purposes of collective bargaining shall be the employer unit, craft unit, plant unit, or subdivision thereof." 29 U.S.C. § 159(b). "The determination . . . requires selection of *an* appropriate unit, not the *most* appropriate unit, and the NLRB's decision will stand unless arbitrary

---

[1] Other references in the record that Weymouth "supervises" the groundsmen are also not dispositive. Whether or not an individual is a "supervisor" under the Act is a functional analysis and is not controlled by labels. See Quinnipiac Coll., 256 F.3d at 75-76 (analyzing actual tasks performed by "shift supervisors").

[2] In light of this conclusion, we need not decide whether Weymouth's participation in the election "tainted" the outcome. See Quinnipiac Coll., 256 F.3d at 81.

and unreasonable." <u>Staten Island Univ. Hosp.</u>, 24 F.3d at 455 (citation omitted). A unit is appropriate if its members share "a substantial community of interests." <u>Id.</u>

To be sure, the degree of cohesion within each group of indoor employees and outdoor employees is greater than the cohesion between those two groups: the groups (generally) perform different tasks, work on different schedules, and infrequently interact with each other. Notwithstanding those differences, the Board concluded that the two groups share a community of interest because they receive comparable pay and benefits and are subordinate to a common supervisor, Cimilluca. <u>See</u> <u>Staten Island Univ. Hosp.</u>, 24 F.3d at 454 ("The degree of shared interests is measured by eight factors: [including] . . . similarity of employment conditions, centralization of administration, managerial and supervisory control . . . ."). On this record, we are satisfied that the Board did not act arbitrarily in concluding that a sufficient community of interest existed to certify a bargaining unit containing both groups.

For the foregoing reasons, and finding no merit in Onyx's other arguments, we hereby **GRANT** the petition of the Board.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4